IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TAMLA RENCHER, individually; CRAIG RENCHER, individually; and RENCHER/AMERICAN MANOR, a limited liability company,<br><br>        Plaintiffs,<br><br>   v.<br><br>PNC BANK, N.A., individually; LA SALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE FOR THE CERTIFICATE HOLDERS OF ML-CFC COMMERCIAL MORTGAGE TRUST 2007-7, COMMERCIAL MORTGAGE PASSTHROUGH CERTIFICATES, SERIES 2007-7 individually; ALLIANCE TITLE AND ESCROW COMPANY, individually; and DOES 1 through 250, inclusive,<br><br>        Defendants. | Case No. 4:12-CV-200-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## **INTRODUCTION**

The Court has before it a motion to dismiss filed by defendant PNC Bank. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## **LITIGATION BACKGROUND**

Plaintiffs Tamla Rencher and Rencher/American Manor LLC filed this action seeking to unwind a foreclosure sale of property in Rexburg, Idaho, and to obtain a

declaration that title to the property is vested in them.[1]  They sued three defendants:  (1) PNC Bank; (2) La Salle Bank, and (3) Alliance Title and Escrow Company.  Plaintiffs claim that prior to the foreclosure sale in 2010, the defendants had lost any interest in the note and deed of trust, making the foreclosure sale void.  Plaintiffs ask the Court for a declaration that they have title to the property, that the defendants have no interest, and that the property must be re-conveyed to the plaintiffs.

Plaintiffs originally financed the purchase of the Rexburg property through PNC Bank.  The loan was secured with a promissory note and deed of trust.  About three years later, following plaintiffs' default, PNC Bank started non-judicial foreclosure proceedings.  Tamla Rencher and Rencher/American Manor both filed bankruptcies in an effort to stay the foreclosure.  The Bankruptcy Court lifted the stays to allow the foreclosure to proceed.  In a later decision, reviewing those two bankruptcy actions, the Bankruptcy Judge stated that "Ms. Rencher's sole motive for filing the . . . bankruptcy cases was to invoke the automatic stay in favor of her entities so as to obstruct and prevent creditors from exercising their lawful collection rights under applicable law, including the right to foreclose . . . ." *See Memorandum Decision in Rencher/American Manor Bankruptcy Case No. 12-41257-JDP (Feb. 27, 2013).*

The foreclosure sale was held on December 30, 2010, and PNC Bank purchased the property.  PNC then conveyed the property to Land Holding LLC.

---

[1] Craig Rencher was another original plaintiff but he has settled and been dismissed.

**Memorandum Decision & Order – page 2**

When Tamla Rencher filed liens clouding Land Holding's title, Land Holding sued her and Rencher/American Manor in the state district court for Madison County seeking quiet title to the property. Tamla Rencher and Rencher/American Manor filed a counterclaim against Land Holding and a third-party complaint against PNC Bank, claiming that the promissory note had been "securitized" and that PNC Bank no longer had any interest in the note when it foreclosed. She also denied being in default and asked that title be quieted to her and Rencher/American Manor.

In response, PNC Bank and Land Holding filed motions for summary judgment that were granted by the court. In a Judgment, the court found that Tamla Rencher and Rencher/American Manor "have no right, title, or interest in the property." *See Exhibit F (Dkt. No. 4-6)*. The court also stated that "fee simple title to the property . . . is quieted and confirmed in [PNC Bank's successors-in-interest]." *Id.* The Judgment was filed on February 2, 2012.

About two months later, Tamla Rencher and Rencher/American Manor filed this lawsuit. PNC Bank has filed a motion to dismiss, arguing that the issues here have all been resolved by the Judgment issued by the Madison County court. The Court will resolve the motion after reviewing the effect of a bankruptcy filed by Rencher/American Manor.

## ANALYSIS

### Effect of Bankruptcy

About 5 months after it filed this action, plaintiff Rencher/American Manor filed a Chapter 7 bankruptcy action that is currently pending. The automatic stay provisions of

**Memorandum Decision & Order – page 3**

the Bankruptcy Code "prohibit the continuation of a judicial action *against* the debtor that was commenced before the bankruptcy." *In re White*, 186 B.R. 700, 703 (B.A.P. 9th Cir.1995) (emphasis added). However, "[t]he automatic stay is inapplicable to suits *by* the . . . debtor . . . ." *Id.* at 704 (emphasis in original) (citation omitted).

Thus, any stay imposed by the bankruptcy of plaintiff Rencher/American Manor does not prevent the Court from resolving PNC's motion to dismiss in this case. Moreover, the Bankruptcy Judge has held that Rencher/American Manor's bankruptcy – this most recent bankruptcy filing – was filed in bad faith to delay foreclosures, and he imposed monetary sanctions on Tamla Rencher for filing the company's bankruptcy. *See Memorandum Decision in Rencher/American Manor Bankruptcy Case No. 12-41257-JDP (Feb. 27, 2013)*. The Court therefore finds that any stay does not apply to PNC's motion.

**<u>Motion to Dismiss</u>**

The central issues raised by Plaintiffs in this case are whether the foreclosure sale of the Rexburg property was proper and whether title to that land should be vested in Plaintiffs. These are the same issues resolved in the Madison County action. There, Tamla Rencher and Rencher/American Manor made the following arguments: (1) PNC Bank lost any interest in the Rexburg property when it securitized the promissory note; (2) the deed of trust is void; (3) the foreclosure sale to PNC Bank is void; (4) title should be quieted in plaintiffs; and (5) the Rexburg property should be re-conveyed to Plaintiffs. Those issues were fully litigated in the Madison County action and were all resolved against Plaintiffs by that court's Judgment, quoted above.

Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1143 n. 3 (9th Cir.2002). In cases involving interests in real property the Supreme Court has recognized, "[t]he policies advanced by the doctrine of res judicata perhaps are at their zenith in cases concerning real property, land and water." *Nevada v. United States*, 463 U.S. 110, 129 n. 10 (1983).

The issues here all center on the same parcel of real property, and have been fully litigated and resolved in a final Judgment by the state district court for Madison County against both of the Plaintiffs to this action, Tamla Rencher and Rencher/American Manor. These circumstances satisfy all the criteria for applying res judicata, and PNC Bank's motion to dismiss must be granted.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (docket no. 3) is GRANTED and defendant PNC Bank is hereby DISMISSED from this action.

DATED: March 24, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court